# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CITY OF SPENCER, IOWA, | No. 23-CV-4061-CJW-KEM |
| Plaintiff, | |
| vs. | **ORDER** |
| ISONOVA TECHNOLOGIES, LLC, | |
| Defendant. | |

## I. INTRODUCTION

This case is before the Court on a February 28, 2024 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 16). Judge Mahoney recommends that the Court find diversity of citizenship jurisdiction exists, upon the Court's own sua sponte order requiring the parties to submit briefs on this matter. The deadline for such objections has expired. For the reasons stated below, the Court **accepts** Judge Mahoney's R&R (Doc. 16) without modification.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard.  *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error").  As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III.    ANALYSIS

The Court has reviewed the pleadings and finds that Judge Mahoney accurately summarized the procedural history of this case and the allegations of the parties.  At issue here is whether the amount in controversy exceeds the statutory required minimum of $75,000.  Judge Mahoney reasoned, based in part on other state-court verdicts in similar nuisance suits, that damages to plaintiff based on loss of enjoyment and diminution in market value could exceed $75,000.  (Doc. 16, at 5-6).  The Court agrees with Judge

2

Case 5:23-cv-04061-CJW-KEM    Document 21    Filed 03/15/24    Page 2 of 3

Mahoney's analysis. Alternatively, after a careful and exhaustive examination of the limited case law on the point, Judge Mahoney recommends finding that the Court can consider defendant's costs to comply with the injunctive relief plaintiff seeks in determining the amount in controversy for purposes of jurisdiction. (*Id.*, at 7-11). Here, the parties do not dispute that the cost of compliance with such injunctive relief in this case could easily exceed the $75,000 jurisdictional requirement. The Court again agrees with Judge Mahoney's analysis and finds alternatively that the Court has jurisdiction in this case based on the amount of money it would take defendant to comply with the requested relief.

## IV. CONCLUSION

For these reasons, the Court **accepts** Judge Mahoney's R&R (Doc. 16) without modification, finds the Court has jurisdiction over this matter, and allows the case to proceed.

**IT IS SO ORDERED** this 14th day of March, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa